**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4127

HERBERT B. WALKER,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Henry C. Morgan, Jr., District Judge.
(CR-98-43)

Submitted: December 29, 1999

Decided: January 20, 2000

Before WIDENER, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard C. Kerns, Newport News, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Timothy R. Murphy, Special Assistant
United States Attorney, Billy B. Ruhling, II, Third Year Law Student,
Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Herbert B. Walker was convicted by a jury of one count of conspiracy to distribute heroin and six counts of distribution, for which he was sentenced to 156 months imprisonment. Walker appeals, challenging the sufficiency of the evidence only with respect to the conspiracy conviction. We affirm.

An undercover DEA agent made four controlled purchases of heroin from Walker between May and July of 1998. Each of the total of sixty bags of heroin was packaged in a pink glassine envelope stamped with the logo of a teddy bear lifting a barbell. After Walker's arrest, he admitted to having sold three to four bundles of heroin a day for six or seven months in order to make money to pay his bills. Walker identified his primary supplier as Wade Cutchens ("Toolman"), whose supplier was Cut Wooten. Walker named a number of other individuals who also worked for Wooten and stated that, on some occasions, he obtained his drugs from other of Wooten's distributors. Walker also stated that Cut Wooten's heroin was packaged with the distinctive teddy bear logo and that he (Walker) sold the heroin at specific locations as directed by Wooten. The jury convicted Walker of conspiracy to distribute heroin and distributing heroin; he appeals the conspiracy conviction, claiming that the evidence was insufficient to support the conviction.

A defendant challenging the sufficiency of the evidence to support a conviction bears "a heavy burden." United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995). In reviewing the sufficiency of the evidence supporting a criminal conviction, our role is limited to considering whether "there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942).

To prove conspiracy to distribute heroin, the government must establish: (1) an agreement to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became part of the conspiracy. See United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996). With

2

respect to the last element, the government need not prove that the defendant knew the particulars of the conspiracy or all of his co-conspirators. Id. at 858.

Walker claims that the government failed to prove an agreement to distribute heroin between himself and anyone else, namely Cutchens or Wooten. However, "to sustain a conspiracy conviction, there need only be a showing that [the] defendant knew of the conspiracy's purpose and some action indicating his participation." United States v. Collazo, 732 F.2d 1200, 1205 (4th Cir. 1984). After there has been a showing that a conspiracy exists, only a slight connection between the defendant and the conspiracy need be established in order to sustain the conviction. See United States v. Seni , 662 F.2d 277, 285 n.7 (4th Cir. 1981). And, a defendant may be convicted of conspiracy "without full knowledge of all of [the conspiracy's] details, but if he joins the conspiracy with an understanding of the unlawful nature thereof and willfully joins in the plan on one occasion, it is sufficient to convict him of conspiracy, even though he had not participated before and even though he played only a minor part." Burgos, 94 F.3d at 858 (quoting United States v. Roberts, 881 F.2d 95, 101 (4th Cir. 1989)).

We find that the evidence, including Walker's admissions upon his arrest, was sufficient to support his conspiracy conviction. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3